* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the undersigned and the Industrial Commission has jurisdiction over the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the Worker's Compensation Act at the time of the alleged injury.
4. An employee-employer relationship existed between the parties at the time of the alleged injury.
5. The employer in this case is Food Lion, L.L.C. and the carrier and/or claims administrator liable on the risk is Specialty Risk Services.
6. Plaintiff sustained an injury or began missing work from an alleged injury by accident on or about January 24, 2005.
7. The parties have stipulated to an average weekly wage of $541.62, yielding a weekly compensation rate of $361.10.
8. The nature of the alleged injury consists of neck and back problems sustained from the alleged injury by accident.
9. Plaintiff was paid the entire day of the alleged injury.
10. Plaintiff last worked for defendant-employer on January 24, 2005.
11. The parties submitted a notebook of stipulated exhibits, which were designated as Exhibits A through D: Exhibit A, medical records, Exhibit B, I.C. Forms, Exhibit C, the Pre-Trial Agreement, and Exhibit D, a settlement agreement in I.C. File No. 452901.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. At the time of the evidentiary hearing, plaintiff was 34 years of age. She has been in the United States for over 9 years and has been working for defendant-employer for over 5 years.
2. Plaintiff sustained an injury by accident while working for defendant-employer on July 29, 2004, when a collision occurred between the forklift she was operating and another forklift. Plaintiff treated with Dr. Shankar Sanka at Harnett Family Medicine for acute back and neck strain. Plaintiff was prescribed anti-inflammatories and muscle relaxers and was restricted to light duty work for one week. After an x-ray came back normal, Dr. Sanka released plaintiff to return on an as needed basis. Plaintiff missed little to no time from work. Plaintiff's claim was settled by compromise settlement agreement in January 2005.
3. On January 24, 2005, plaintiff was moving merchandise on a pallet, when she slipped on some salad dressing on the floor, and fell backwards, landing on the floor on her back and head.
4. On the same day, defendants filed a Form 19 for the injury. Defendants began paying plaintiff temporary total disability benefits and medical benefits. Defendant-carrier submitted an Industrial Commission Form 63 Notice to Employee of Payment of Compensation Without Prejudice for this claim dated February 4, 2005. On the same date, defendant-carrier completed a Form 61 Denial of Worker's Compensation Claim for this claim.
5. Plaintiff treated with Dr. Sanka, who had also treated her for the July 29, 2004 injury by accident. Dr. Sanka diagnosed her with right hip pain and SI joint dysfunction secondary to her fall on January 24. Plaintiff was given medications and work restrictions of no lifting over five pounds and no repetitive bending, lifting, pushing, pulling or climbing. In his note of February 9, 2005, Dr. Sanka noted that the fall had aggravated her sciatica and that "this *Page 4 
is a different injury from July 04." Dr. Sanka testified that plaintiff's injury following the January 24, 2005 accident was different from her injury following the July 2004 accident. Dr. Sanka opined that plaintiff's injuries from July 2004 had healed before the January 2005 accident.
6. On February 23, 2005, Dr. Sanka made a referral to a back specialist and wrote plaintiff out of work until such time as one could see her. On March 1, 2005, plaintiff underwent an MRI of the lumbar spine, which showed an L5-S1 left paracentral disc protrusion (herniation) superimposed upon disc desiccation.
7. In April 2005, plaintiff was seen at Carolina Back Institute and treated with a course of epidural steroid injections at L5-S1.
8. On June 7, 2005, plaintiff participated in a functional capacity evaluation (FCE) at Physician's Total Rehab. The results of this FCE revealed plaintiff could work at a light-medium physical demand level for an 8-hour day. However, the validity profile indicated that plaintiff might have given sub-maximal effort.
9. Following the epidural injections and the FCE, on June 13, 2005, Dr. James Fulghum at Carolina Back Institute examined plaintiff. Plaintiff reported that the injections helped her for several weeks and complained of pain in the right hip on occasion. Dr. Fulghum noted that he agreed with the results of the functional capacity evaluation. Dr. Fulghum assessed her with a 2% permanent impairment to her back as a result of her disc space abnormality at L5-S1 and released plaintiff to return to work within the FCE guidelines.
10. Approximately one and one-half years after being released with permanent restrictions by Dr. Fulghum, defendants sent a letter dated January 25, 2007 to plaintiff's counsel offering plaintiff a position as a Deli/Bakery Associate. While defendants asserted in the offer *Page 5 
letter that the position was within plaintiff's permanent restrictions, there was no evidence proving this assertion nor was there evidence of the pay plaintiff would receive in the position. Furthermore, upon inquiry by the parties, Dr. Fulghum was unable to determine if the offered position met plaintiff's work restrictions as he had not examined plaintiff in a year and a half. Because the position was not detailed regarding its physical requirements and its pay, and because Dr. Fulghum was unable to approve the position, plaintiff refused the position.
11. After plaintiff's refusal and while this matter was still pending before Deputy Commissioner Ledford, defendants filed a Form 24 Application to suspend plaintiff's benefits, alleging plaintiff unjustifiably refused suitable work.
12. Defendants have continued to pay plaintiff's medical expenses related to her injury and have continued to pay her temporary total disability benefits in the amount of $361.10 per week. Plaintiff is participating in vocational rehabilitation and is currently enrolled in English as a Second Language classes.
13. Plaintiff suffered a new injury to her lower back when she slipped and fell on January 24, 2005. Plaintiff's inability to earn wages that are the same or similar as her pre-injury wages is due to the January 24, 2005 injury by accident.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On January 24, 2005, plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant when she slipped on salad dressing and fell, resulting in injury to her lower back. N.C. Gen. Stat. § 97-2(6). *Page 6 
2. Defendants are required to provide plaintiff with reasonable necessary medical treatment related to her compensable January 24, 2005 back injury by accident that tends to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25, and97-25.1.
3. Defendants have failed to show that the Deli/Bakery Associate position offered plaintiff was suitable employment within her restrictions and that plaintiff's refusal of the position was unjustified. The Form 24 with attachment was insufficient to show the offered position was suitable. Therefore, the Form 24 Application should be denied and defendants should be responsible for payment of ongoing temporary total disability benefits at the rate of $361.10 per week until plaintiff returns to suitable employment or until further Order of the Commission. N.C. Gen. Stat. §§ 97-29, 97-32.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 A W A R D
1. Defendants shall continue to pay all medical expenses incurred for plaintiff's reasonably necessary medical treatment for her back injury of January 24, 2005.
2. Defendants shall continue to pay plaintiff temporary total disability benefits at the rate of $361.10 per week until she returns to suitable employment or until further Order of the Commission.
 3. Defendants' Form 24 Application is DENIED *Page 7 
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) of plaintiff's ongoing temporary total disability benefits is approved for her attorney Gregory Gunter. Defendants shall pay every fourth check due plaintiff to Mr. Gunter as his fee.
5. Defendants shall pay the costs.
 ORDER
Defendants filed a Motion before the undersigned to compel plaintiff to comply with medical treatment by submitting to another functional capacity evaluation and exerting her full effort so that her work restrictions, if any, can be determined.
IT IS HEREBY ORDERED that defendants' Motion is GRANTED. Plaintiff shall submit to another functional capacity evaluation and shall exert her full effort so that appropriate work restrictions, if any, can be determined in an effort to provide appropriate vocational rehabilitation services.
This the 29th day of January, 2007.
S/_____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________________ BUCK LATTIMORE COMMISSIONER
 S/_____________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1